UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIAS FORCELLEDO,                    )
                                     )
            Plaintiff,               )      Case No. 3:15-cv-00824-AA
                                     )
        v.                           )      **OPINION AND ORDER**
                                     )
CAROLYN W. COLVIN,                   )
Acting Commissioner of Social Security,  )
                                     )
            Defendant.               )
_____)

Sara L. Gabin
Sara L. Gabin, P.C., Attorney at Law
14523 Westlake Drive, Lake Oswego, OR 97035
        Attorney for Plaintiff

Billy J. Williams
United States Attorney
Janice E. Herbert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Jeffrey E. Staples
Special Assistant United States Attorney
Office of the General Counsel

Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for Defendant

**Aiken, District Judge:**

Elias Forcelledo ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Insurance ("SSI"). Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

Born in Cuba in 1939, plaintiff was 73 years old at the time of his application for SSI benefits in April 2012. Tr. 63. Plaintiff's application was denied initially and on reconsideration for failure to prove immigration status. Tr. 23, 35-41, 52-54. Plaintiff requested an administrative hearing, which was held August 14, 2013. Tr. 103-28. After the hearing, the ALJ issued a decision finding plaintiff ineligible for SSI. Tr. 14-16. In his written decision, the ALJ explained that he found no documentary evidence in the record proving plaintiff's current immigration status. Tr. 15. Accordingly, the ALJ denied plaintiff's application for SSI. Id.

The Appeals Council denied plaintiff's subsequent request for review on March 17, 2015, and the ALJ's decision became the final decision of the Commissioner. Tr. 3-5. This appeal followed.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219,

Page 2 – OPINION AND ORDER

1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

### III.    DISCUSSION

Plaintiff argues the Commissioner erred by finding that he was not eligible for SSI benefits under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"). Specifically, plaintiff alleges that he is eligible for SSI as a "Cuban and Haitian entrant" as defined in section 501(e) of the Refugee Education Assistance Act of 1980 ("REAA").

Under PRWORA, "an alien who is not a qualified alien (as defined in section 1641 of this title) is not eligible for any Federal public benefit." 8 U.S.C. § 1611(a); Program Operations Manual System (POMS) SI 00502.001.A.1.a. Section 1612 provides an exception for "an alien who is a Cuban and Haitian entrant" as defined in section 501(e) of the REAA. 8 U.S.C. § 1641(b). This exception applies only in cases of applicants "to whom a final, nonappealable, and

legally enforceable order of removal has not been entered." REAA § 501(e), 8 U.S.C. § 1522 note.

The REAA defines a "Cuban and Haitian entrant" as follows:

(1) any individual granted parole status as a Cuban/Haitian Entrant (Status Pending) or granted any other special status subsequently established under the immigration laws for national of Cuba or Haiti, regardless of the status of the individual at the time assistance or services are provided; and

(2) any other national of Cuba or Haiti.

REAA§ 501(e).[1]  To be eligible for SSI, a "Cuban and Haitian entrant" must meet one enumerated subcategory listed in POMS SI 00502 108.

Here, plaintiff argues that his entrant status is described in sub-category two of Category 2 of POMS SI 00502 108.B2-4 because he is "[a]n alien who is the subject of removal proceedings under the INA, and is not subject to a removal order that is final, non-appealable and legally enforceable." As noted, eligibility under the REAA definition applies only if the claimant shows "a final, nonappealable, and legally enforceable order of removal has not been entered." REAA § 501(e), 8 U.S.C. § 1522.

The Court finds that plaintiff is categorically ineligible for SSI under the REAA definition of "Cuban and Haitian entrant." Plaintiff was issued a Memorandum of Creation of Record of Lawful Permanent Residence in 1977, according him lawful permanent resident ("LPR") status pursuant to Section 1 of the Cuban Adjustment Act of 1966. Tr. 63. In 1988, plaintiff was convicted of a felony and spent the next twenty-four years in federal prison. Tr.

---

[1] The rule barring "qualified aliens" from receiving SSI does not apply until seven years after the date that the alien "is granted status as a Cuban and Haitian entrant." 8 U.S.C. § 1612(a)(2)(A)(iv). This section specifies that a Cuban and Haitian entrant may be eligible for SSI for a maximum of seven years after the date he is granted such status; afterwards, the general rule precluding eligibility for SSI under Section 1612 applies and the alien is no longer eligible for benefits under the Act.

119, 123.  In 2006, the United Stated Department of Homeland Security Immigration and

Customs Enforcement ("ICE") sent a notice of action explaining the ICE was investigating

plaintiff's removal from the country.  Tr. 59.  Plaintiff's prison term ended in March 2012.  Tr.

14, 123.

ICE issued a final removal order on August 22, 2012, confirming that plaintiff had been

ordered removed pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act

("INA") for being convicted of an aggravated felony.  Tr. 92-93.  The record thus shows that

plaintiff was ordered removed from the United States by the Department of Homeland Security

on August 22, 2012.[2]  Id.

The Court must uphold the ALJ's findings if they are supported by inferences reasonably

drawn from the record.  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  In his written

decision, the ALJ found that to be eligible for SSI, plaintiff "must have a clearly-defined

immigration status that meets an exception" to the ban on eligibility, but had failed to do so.  Tr.

15.  Because the record indicates that plaintiff is subject to a removal order, the Court finds that

the ALJ's determination that plaintiff is ineligible for SSI benefits is supported by substantial

evidence in the record and is affirmed.[3]

Plaintiff argues in the alternative that he is eligible for SSI because he was "permanently

residing in the United States under color of law," citing 20 C.F.R. § 416.1618.  Under POMS,

however, the "permanently residing in the United States under color of law" standard no longer

---

[2] ICE did not enforce the removal order at the time, but issued supervision conditions including the requirement to "appear in person at the time and place specified, upon each and every request of the agency, for identification and for deportation or removal."  Tr. 93.

[3] While plaintiff argues that the inference that a final removal order exists is a "mischaracterization of the record" because the order was not enforced, the record documents the issuance of such order and the ALJ's reading of the record was rational. Molina, 674 F.3d at 1111.

generally applies to aliens applying for SSI.  See POMS SI 00502.001.A.  The Court therefore
rejects this argument.

Finally, plaintiff alleges that he was denied due process because the ALJ failed to hold
the record open so that he could submit an employment authorization card ("EAC").  The Court
also rejects this argument.  While plaintiff argues that it is possible that a "reasonable ALJ"
maybe have viewed plaintiff's EAC to convey lawful permanent residency status, he fails to
make a showing that the EAC proves eligibility for SSI.  Thus, any error in failing to hold the
record open for submission of an employment authorization card is harmless because it has not
been shown to affect plaintiff's substantial rights.  See <u>Ludwig v. Astrue</u>, 681 F.3d 1047, 1054
(9th Cir. 2012) (plaintiff must demonstrate that an error affected his 'substantial rights' in order
to prove such error was harmful).

In sum, the ALJ properly based his conclusion on substantial evidence in the record, and
his decision is affirmed.

## II.    CONCLUSION

The Commissioner's decision that plaintiff is not disabled was supported by substantial
evidence in the record and is therefore AFFIRMED.

DATED this 29th day of April, 2016.

Ann Aiken
United States District Judge